UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:
EDDIE ALEXANDER BANKS,                    Case No: 2:16-mc-7-FtM-38CM

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of Petitioner Eddie Alexander Banks' ("Petitioner") Request for Entry (Doc. 5). Petitioner seeks to register and enforce the judgment of "the foreign nation-state the Clan of Banks,"[2] rendered by "the Supreme Court of Record for the Clan of Banks." Doc. 1 at 1, 10-11, 20-21.[3] Petitioner also appears to appeal the judgments entered in state court actions. Doc. 2 at 4-6; Doc. 8. Petitioner alleges that this case falls within the admiralty jurisdiction of the federal courts. 28 U.S.C. § 1333; Doc. 1 at 1. Upon review of the Petition (Doc. 1), the Court recommends that this action be dismissed.

Petitioner is a prisoner who generally alleges that the State of Florida and its employees and officers have deprived him of his statutory and constitutional rights by abusing and torturing him. Doc. 1 at 2. He further alleges that the State of Florida's employees and officers shot and killed Petitioner's family dog and attempted

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See 11th Cir. R. 3-1*.

[2] United States District Judge Sheri Polster Chappell has previously noted in an Order (Doc. 20 at 3) that the "Clan of Banks" is a fabricated organization. *Banks v. Secretary, DOC*, No. 2:15-cv-692-FtM-99CM (M.D. Fla. Nov. 30, 2015).

[3] The page numbers here indicate the CM/ECF page numbers.

to murder Petitioner for asserting his rights. *Id.* As a result, Petitioner claims that he initiated proceedings against the State of Florida before a panel of three judges, who formed the "independent domestic tribunal of We the People" and convened at 216 S.E. Corrections Way, Lake City, Florida.[4] *Id.* at 3. Petitioner alleges that during the proceedings, the State of Florida was in default because it did not respond or appear in the action. *Id.* at 5. Petitioner claims that after hearing the matter, the tribunal rendered the "final judgment," finding that the State of Florida and its employees and officers "have intentionally and unlawfully conspired to injure and oppress [Petitioner's exercise of his rights] under color of law or color of official authority. . . ." *Id.* at 20. Petitioner alleges that "the jury" also awarded damages in the amount of $118,785,500.00 to Petitioner. *Id.* at 21.

In addition, Petitioner seeks "exoneration" from the judgment entered in state court actions. Doc. 2 at 4-6. He alleges that the Seventeenth Judicial Circuit Court in and for Broward County, Florida entered "a number of judgments by fraud, intimidation and trespass," although the court lacked jurisdiction to entertain the cases. Doc. 8. Petitioner claims that the independent tribunal struck the State of Florida's pleadings, finding that the pleadings are "immaterial, redundant, impertinent and scandalous," and not in conformity with law. Doc. 1 at 8. Petitioner also alleges that the tribunal found the state court proceeded without subject matter or personal jurisdiction over Petitioner. *Id.*

---

[4] This appears to be the address of Columbia Correctional Institution. Florida Department of Corrections, http://www.dc.state.fl.us/facilities/region2/201.html (last visited, May 9, 2017).

First, the Court recommends that it lacks subject matter jurisdiction to consider Petitioner's claims. "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999) (citations omitted). "[T]he district court must look to the way the complaint is drawn to see if it is drawn so as to claim a right to recover under the Constitution and laws of the United States." *Bell v. Hood,* 327 U.S. 678, 681 (1946). Thereafter, "where the complaint . . . is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions . . . must entertain the suit." *Bell,* 327 U.S. at 681-82. Those exceptions are that a lawsuit "may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Bell,* 327 U.S. at 613. In other words, the exceptions apply when "the claim has no plausible foundation or if the court concludes that a prior Supreme Court decision clearly forecloses the claim" *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1353 (11th Cir. 1998).

Here, the Court recommends that contrary to the Petition's allegations, this action does not fall within the federal courts' admiralty or maritime jurisdiction. Doc. 1. The district courts exercise original and exclusive jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333. An action is

within admiralty jurisdiction if "the wrong occurred on navigable waters," and "the wrong . . . bear[s] a significant relationship to traditional maritime activity." *Sea Vessel, Inc. v. Reyes*, 23 F.3d 345, 348 (11th Cir. 1994) (citations omitted).

Petitioner vaguely asserts in his Demand for Exoneration that the Broward County Sheriff's Deputies "hijacked" Petitioner, taking him onboard a vessel under their control. Doc. 2 at 4-5. Petitioner, however, does not state with specificity when, where, and how the incident took place. *Id.* Furthermore, the Petition does not allege at all any wrong occurred on navigable waters or its connection to traditional maritime activity. *See* Doc. 1 at 2. Instead, the Petition generally alleges that Petitioner has been deprived of his constitutional and statutory rights while being imprisoned. *Id.* Based on the review of the record, it is questionable whether Petitioner suffered harm that bears any relationship to navigable waters or traditional maritime activity. Doc. 1; Doc. 2.

In addition, Petitioner seeks to appeal the state court's judgments to this Court because he believes the judgments were the product of fraud, intimidation and trespass and the state court lacked subject matter and personal jurisdiction to entertain the actions. Doc. 1 at 8; Doc. 8. The Court recommends that the *Rooker-Feldman* doctrine bars judicial review of Petitioner's judgments entered in state court actions. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine "places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." *Goodman*

*v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001). The doctrine prohibits lower federal courts from "exercising appellate jurisdiction over final state-court judgments" when a party takes an appeal of an unfavorable state-court decision to a lower federal court. *See Lance v. Dennis*, 546 U.S. 459, 466 (2006) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)). As a result, the Court cannot act as a state appellate court and review the judgment of the state court. *See Lance*, 546 U.S. at 466.

Petitioner also seeks to register the judgment rendered by "We the People 1511-13th Independent Tribunal" of "the foreign nation-state the Clan of Banks, et. al." Doc. 1 at 1, 10-11, 20-21. "A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered . . . ." 28 U.S.C. § 1963; *Baker by Thomas v. Gen. Motors Corp.*, 522 U.S. 222, 235 n. 8 (1998) ("Congress has provided for the interdistrict registration of federal-court judgments for the recovery of money or property.").

The courts also may choose to respect the judgment of a foreign tribunal by considering three factors: "(1) whether the foreign court was competent and used 'proceedings consistent with civilized jurisprudence,' (2) whether the judgment was rendered by fraud, and (3) whether the foreign judgment was prejudicial because it violated American public policy notions of what is decent and just." *Ungaro-Benages v. Dresdner Bank AG*, 379 F.3d 1227, 1238 (11th Cir. 2004) (citations omitted). Here, the judgment Petitioner seeks to register and enforce is rendered by the

independent tribunal for the "Clan of Banks," which is not a federal court or a competent foreign court.  Doc. 1 at 10-11, 20-21; 28 U.S.C. § 1963; *Id.*  As a result, the Court recommends that it should not register or enforce the judgment of the independent tribunal.  Doc. 1 at 10-11, 20-21.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. Petitioner Eddie Alexander Banks' Request for Entry (Doc. 5) be **DENIED**.

2. This matter be **DISMISSED without prejudice**.

**DONE** and **ENTERED** in Fort Myers, Florida on this 9th day of May, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Eddie Alexander Banks